UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA

        - against -                        00 Cr. 105 (RPP)

BOBBY WAINWRIGHT,                      OPINION AND ORDER

                       Defendant.
-----------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       On November 1, 2007, Defendant Bobby Wainwright filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendments 706 and 709 to the advisory United States Sentencing Guidelines on January 3, 2000. As requested in a letter dated January 24, 2008 from Mr. Wainwright, this Court appointed Louis E. Aidala, Esq., to represent Mr. Wainwright. Mr. Aidala filed an amended motion on February 21, 2008, and the Government responded on March 10, 2008.

       Defendant was arrested on January 25, 2000 and was subsequently indicted, along with other individuals, for conspiracy to distribute powder cocaine and crack cocaine in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A).

       On September 8, 2000, Wainwright pled guilty, pursuant to a Plea Agreement with the Government, to a one count superseding information which charged him with distributing and possessing, with intent to distribute, cocaine base on or about May 11, 1999, in violation of Section 841(b)(1)(C) of Title 21, United States Code. Defendant's Plea Agreement with the Government stipulated that the amount of crack for which he was responsible was between 50 and 150 grams. The Plea Agreement and the Pre-Sentence Report (PSR) calculated the base offense level at Level 32 and deducted three levels for acceptance of responsibility, leaving an

adjusted offense level of 29. The Plea Agreement further stipulated that Wainwright's criminal history category was automatically VI because he was a career offender, having previously been sentenced on the same date for two separate narcotics felony convictions, based on separate arrests on separate dates and prosecuted under separate indictment numbers, which did not constitute related cases under U.S.S.G. § 4A1.2, Application Note 3. (Plea Agmt. at 3 & n.1).

Based on his offense level of 29 and criminal history category of VI, the Plea Agreement calculated Wainwright's guideline sentencing range at 151-188 months. The PSR agreed with the analysis of the Plea Agreement that Defendant was a career offender and that the Defendant's guidelines imprisonment range was 151-188 months. At sentencing, the Court found that Defendant was a career offender and that, accordingly, his guideline sentencing range was 151-188 months. The Court sentenced Mr. Wainwright to 151 months.

Defense counsel's argument that Defendant should be resentenced based on Amendment 706 of the guidelines fails to recognize that Defendant's sentence of 151 months was based on his career offender status, not on his offense level. Wainwright was a career offender under U.S.S.G. § 4B1.1(a) because he had two prior felony narcotics convictions based on separate arrests on separate dates and prosecuted under separate indictments[1] and because the statutory maximum sentence for the offense to which Wainwright had pleaded guilty was 20 years. Accordingly, his base offense level was automatically 32 pursuant to U.S.S.G § 4B1.1(b)(C).

Defense counsel argues that Defendant should no longer be treated as a career offender because Amendment 709 has changed the definition of "related cases." Amendment 709, unlike Amendment 706, has not been made retroactive. See U.S.S.G. § 1B1.10(c) ("Amendments covered by this policy" include ". . . 657, and 702."). Since 18 U.S.C. § 3582(c)(2), provides

---
[1] At the request of the Court, the Probation Office has confirmed that the second conviction was based on an intervening arrest. U.S.S.G. §§ 4A1.1 and 4A1.2.

2

that a defendant's sentence may be reduced only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission," this Court will not apply Amendment 709 retroactively. More importantly, because Wainwright's second conviction resulted from an intervening arrest, he is still classified as a career offender.

Accordingly, although Amendment 706 of the sentencing guidelines is retroactive, the defendant's guideline sentence range of 151-188 months does not change because the career criminal provision, U.S.S.G. § 4B1.1(a), continues to apply, and no reduction of sentence is warranted. United States v. Ogman, ___ F.3d ___, (2d Cir. July 24, 2008); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001); United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997; United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996); and United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996).

IT IS SO ORDERED.

Dated: New York, New York
August **11**, 2008

Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Order sent to:

Counsel for Defendant

Louis R. Aidala, Esq.
597 Fifth Avenue
New York, NY 10017
Tel: 212-750-9700
email: lraidala@aol.com

3

Michael J. Garcia, United States Attorney
Southern District of New York
ATTN: David M. Rody, A.U.S.A.
One St. Andrew's Plaza
New York, NY 10007
Tel:     212-637-2304
email:  David.Rody@usdoj.gov